## UNITED STATES DISCTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSLYVANIA

WALTER C. GRIGGS III      )
                                   )
      Plaintiff,       )      Case No.
                                   )
      v.              )      COMPLAINT
                                   )      JURY TRIAL DEMANDED
JOHN DOES 1-188,      )
                                   )
      Defendants     )

### COMPLAINT FOR COPYRIGHT INFRINGEMENT

WALTER C. GRIGGS, Plaintiff, by and through his attorney Raymond F. Keenan, for and as his Complaint against Defendants, alleges as follows:

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*). As set forth in greater detail below, this action involves the unauthorized acquisition and transfer by Defendants of copyrighted sound recordings of songs written and performed by the group Three Times Dope of which Plaintiff is an author and legal or beneficial owner (hereinafter, "Plaintiff's Work.")

2.      This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3.      The transfer and copying of Plaintiff's Work is accomplished using a network called a "BitTorrent protocol" or "torrent," which is different than the standard Peer-to-Peer ("P2P") protocol. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network. The initial file-provider intentionally elects to share a file

with a torrent network. The initial file is called a seed. Other users ('peers') and the network, through a series of steps, connect to the seed file in order to download and copy it. As additional peers request the same file, each additional user becomes a part of the network from which the file can be downloaded. Each new file downloader receives a different piece of the data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred files. This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network intentionally also becomes a source of download for that infringing file.

4. This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of the BitTorrent protocol, any seed peer who has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file.

5. Personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff, within Pennsylvania and within this District, reproduced, distributed and offered to distribute Plaintiff's Work among other Defendants over the internet. Plaintiff has used geolocation technology to trace the Internet Protocol addresses of each Defendant to a point of origin within

this District. On information and belief, each Defendant has an IP address based in this District and resides in or committed copyright infringement in this District.

6.      In the alternative, this Court has personal jurisdiction over non-resident Defendants, if any, under the Pennsylvania long-arm statute 42 Pa C.S A. §5322(a)(3), because they downloaded copyrighted content from or uploaded it to Pennsylvania residents located in this District thus committing a tortious act withinthe meaning of the statute.

7.      Venue in this District is proper under 28 U.S.C. §1391(b) and/or 28 U.S.C. §1400(a). Although the true identity of each Defendant is unknown to Plaintiff at this time, on information and belief, Defendants reside in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is an artist who resides in the county of Philadelphia in the state of Pennsylvania. Plaintiff brings this action to stop Defendants from copying and distributing to others over the internet unauthorized copies of Plaintiff's Work. Defendant's infringements allow them and others unlawfully to obtain and distribute for free unauthorized copyrighted works thereby depriving Plaintiff of any compensation to which he is entitled as a creator and author. Each time a Defendant unlawfully distributes a free copy of Plaintiff's Work to others over the internet, each person who copies Plaintiff's Work then distributes the unlawful copy to others without any significant degradation in quality. Thus, a Defendant's

distribution of even one unlawful copy of Plaintiff's Work can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people thereby depriving Plaintiff of any compensation for his creative labor as author. Plaintiff now seeks redress for this rampant infringement of his exclusive rights.

9.     Plaintiff is the legal or beneficial owner of all the copyrighted works that were without authorization acquired and transferred by Defendants through the use of the same torrent and for which he now seeks redress.

10.     Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider ("ISP") and the date and time at which the infringing activity of each Defendant was observed. Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and will permit Plaintiff to amend this Complaint to state the same.

## COUNT I
## COPYRIGHT INFRINGMENT

11.     Each of the Defendants engaged in the unauthorized transfer of Plaintiff's Work through the use of BitTorrent protocol, specifically through the torrent identified by the unique hash: c16de92a7caa9245f1293105dcffff0b1979bb3b.

12.     Through use of torrent, c16de92a7caa9245f1293105dcffff0b1979bb3b, Defendants obtained and transferred without authorization a file titled "Three Times Dope" which contains thirty-four (34) individual sound recordings of music on which Plaintiff was a performer and for which Plaintiff is an author of both the

4

words and music. These thirty-four (34) songs are divided amongst 4 separate folders titled: "1998 – Original Stylin' [V0];" "1990 – Live from Acknickulous Land [192];" "1994 – Da Sequel (MP3 V0);" and "1989 – Funky Dividends (Promo CDS) [320]."

13.     Every file within the folders titled "1998 – Original Stylin' [V0]" and "1990 – Live from Acknickulous Land [192]," in addition to the parts of the other two files, consist of sounds recordings of songs subject to valid certificates of copyright registration that name Plaintiff as author (e.g. PA0000794052, PA0000485899). These certificates of copyright registration were all filed prior to the filing of this suit and are available with the United States Copyright Office.

14.     Plaintiff is named as an author on the copyright certificates for all of Plaintiff's Work, and Plaintiff is entitled to a royalty based on the sales and licensing of Plaintiff's Work. Plaintiff's Work remains available for purchase. At all relevant times herein Plaintiff was the legal or beneficial owner of the copyrights to the songs that were transferred and obtained without authorization by Defendants through the use of the BitTorrent protocol.

15.     For example, Defendants could have purchased some of Plaintiff's Work through the iTunes Store for as little as $1.29 per song. Instead Defendants chose to violate Plaintiff's rights and deprive him of any compensation for his Work by engaging in the unauthorized transfer and distribution of Plaintiff's Work through the BitTorrent protocol.

5

16.    Plaintiff is informed and believes that each Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, Plaintiff's Work. Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her ISP and the date and the time at which the infringing activity of each Defendant was observed. (Exhibit A). Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 *et seq.*)

17. On information and belief, each Defendant deliberately participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's Work in digital form with other Defendants. In particular, on information and belief, Defendants participated in a collective and interdependent manner with other Defendants via the internet for the unlawful purpose of reproducing, exchanging and distributing copyrighted material unique to the swarm.

18.    By participating in the same swarm, each Defendant participated in the same transaction, occurrence of series of transactions or occurrences as the other Defendants in the swarm. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

19.    The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable

6

injury that cannot be fully compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of the copyrighted music made in violation of Plaintiff's copyrights.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against each Defendant and relief as follows:

1.     For entry of permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in Plaintiff's Work, including without limitation by using the internet to reproduce or copy Plaintiff's Work, to distribute Plaintiff's Work, or to make Plaintiff's Work available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Each Defendant also shall destroy all copies of Plaintiff's Work that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and (subject to the Order of Impoundment prayed for below) shall serve up all copies of the downloaded Work transferred onto any physical medium or device in each Defendant's possession, custody or control.

2.     For judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. § 501.

3.      For judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff in an amount to be determined at trial.

4.      For an Order of Impoundment under 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's Work which are in Defendants' possession or under their control.

5.      For judgment in favor of Plaintiff and against Defendants awarding Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses) and other costs of this action.

6.      For Judgment in favor of Plaintiff against Defendants, awarding Plaintiff such further declaratory and injunctive relief as may be just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so trial.


DATED: January 20, 2015                  Respectfully submitted,

                                         WALTER C. GRIGGS


                              By:   _____
                                    Raymond F. Keenan
                                    460 N. 8th St.
                                    Philadelphia, PA 19123
                                    (267) 419-7849
                                    ray.keenan@outlook.com

                                    Attorney for Plaintiff
                                    Walter C. Griggs, III

8